**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                 CRIMINAL ACTION NO. 2:24-cr-00197

ANTONIO SHELBY, JR.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant's Motion for Revocation of Magistrate Judge Altman's Detention Order and for Reconsideration for Bond* (Document 19) and the *Response of the United States to Defendant's Motion for Revocation of Magistrate Judge Altman's Detention Order and for Reconsideration for Bond* (Document 20), together with all exhibits.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On December 10, 2024, an *Indictment* (Document 1) was returned, charging the Defendant, Antonio Shelby, Jr., with possession with intent to distribute quantities of methamphetamine and fentanyl, and with using and carrying a firearm during and in relation to a drug trafficking crime. Mr. Shelby was arrested in the Eastern District of Michigan on March 31, 2025.  The Honorable Kimberly G. Altman, United States Magistrate Judge, held a detention hearing on April 1, 2025, and entered the *Order of Detention Pending Trial*.  (Document 6.)

The United States invoked the rebuttable presumption under 18 U.S.C. § 3142(e)(3). Judge Altman found that the Defendant had submitted sufficient evidence to rebut the

presumption, but that detention was nonetheless appropriate. She found, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community, and by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure the Defendant's appearance as required. The Judge noted that the Defendant's charges arise from drugs and a gun found in a vehicle he crashed after a high speed chase, which placed himself and others at risk. She also found that he had an extensive record of failing to appear, criminal history involving fleeing, assault, weapons, and drugs, a history of noncompliance while under court supervision, and a history of substance abuse. Despite his lifelong residence in Michigan and the support of his mother, who offered to serve as a third-party custodian, Judge Altman concluded that no condition or combination of conditions would assure his appearance in the Southern District of West Virginia or the safety of the community.

The pretrial services report (Document 14, sealed) indicates that Mr. Shelby is a lifelong resident of the Eastern District of Michigan and would reside with his mother if released. Mr. Shelby was unemployed due to being incarcerated or on home confinement but reported experience in lawn care and an intention to operate his lawn care business if released. He reported a recent diagnosis of schizophrenia, for which he was not taking medication, and a history of marijuana use. His drug screen was negative. His criminal history includes convictions for disorderly person, misdemeanor assault, ordinance violation assault, felony fleeing and felony reckless driving, disorderly conduct, driving suspended/revoked, assaulting/resisting/obstructing, as well as a felony controlled substance offense that was dismissed following his successful

completion of probation under the Holmes Youthful Trainee Act.  Bench warrants were issued approximately 25 times for failure to appear.

## STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3145, "[i]f a person is ordered detained by a magistrate judge…the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."  18 U.S.C. § 3145(b).  "A defendant ordered detained by a magistrate may seek *de novo* review in the district court."  *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989).  18 U.S.C. § 3142 governs the release or detention of defendants pending trial.  Defendants are to be released on personal recognizance or an unsecured appearance bond with only conditions prohibiting commission of crimes while released and requiring cooperation with DNA collection "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."  18 U.S.C. § 3142(b).  If the Court makes such a finding, defendants are to be released "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community."  § 3142(c)(1)(B).

Factors that courts consider when determining whether there are conditions of release that will reasonably assure the appearance of the person and the safety of any other person are found in 18 U.S.C § 3142(g) and include: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or community that would be posed by the person's release.  "The facts the judicial officer uses to support a finding…that no condition

3

or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(2). "With regard to the risk of flight as a basis for detention, the government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future court proceedings." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001).

## DISCUSSION

The Defendant urges the Court to release him from custody on a $10,000 unsecured bond with standard terms and conditions, and any additional conditions deemed necessary, such as home incarceration. He argues that the Court should adopt Judge Altman's finding that he rebutted the presumption but reject her determination that no condition or combination of conditions could ensure his appearance and the safety of the public. He argues that he resolved most of the outstanding warrants for failure to appear, most of which related to traffic offenses and charges that were ultimately dismissed. His longest term of imprisonment was six months. He argues that the United States waited an extended time from the incident to seek an indictment, diminishing the United States' argument that he is a threat to the community. He notes that he had no bond violations during an 8-month period on home confinement in 2024. The Defendant reiterates that his mother is willing to serve as third-party custodian, help manage treatment for his mental health and ensure that he appears for future court proceedings.

The United States contends that Judge Altman's detention order was well-reasoned and appropriate. It notes the seriousness and potential for danger related to the charged offenses, involving firearms and drugs, as well as the circumstances surrounding the charges, involving a

high speed chase and fiery crash.  It points to the Defendant's criminal history and history of failure to appear, including for sentencing on a reckless driving conviction.  The United States argues that an evidentiary hearing is not necessary because the Defendant has offered no new evidence.

The Court finds that an evidentiary hearing is not necessary, as the arguments are based on the facts and evidence presented before the Magistrate Judge.   The offenses charged are serious. The drugs and firearm that form the basis of the charges are themselves dangerous, and the Defendant's flight added another layer of danger.  As Judge Altman pointed out, the reckless flight is particularly concerning given Mr. Shelby's 2021 charges, resulting in conviction in 2025, for felony fleeing and reckless driving.  There was little presented regarding the weight of evidence against the Defendant, but the description of evidence found during the traffic stop and ensuing crash and search suggest sufficiently weighty evidence.   The Defendant has limited ties to West Virginia and an extensive history of failing to appear.  While some of the failures to appear relate to minor traffic offenses, others arose from more serious charges, and a history of failing to appear, even for minor offenses, is indicative of future risk of nonappearance.   Likewise, the history of committing offenses while under supervision suggests that even restrictive conditions of release are not adequate to ensure the Defendant's compliance.   The current charges, the history of reckless driving, and the Defendant's criminal history all indicate a serious danger to the community should he be released.  His apparently successful recent 8 months on home confinement and the assurances of his mother that she would provide him with a home and transportation to court appearances do not outweigh his history.  The Court finds by clear and convincing evidence that no condition or combination of conditions can reasonably assure the

safety of any other person and the community, and by a preponderance of the evidence that no combination of conditions will reasonably assure the Defendant's appearance at future court proceedings.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant's Motion for Revocation of Magistrate Judge Altman's Detention Order and for Reconsideration for Bond* (Document 19) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:    May 19, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA